JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
NEGIN KHOLUSI, MILANIA FEQUIERE, MIAVA FEQUIERE

**DEFENDANTS**
THERMO FISHER SCIENTIFIC, INC. et al.

(b) County of Residence of First Listed Plaintiff   **Henry County, GA**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
SALVATORE P.J. VITO, ESQUIRE
45 NORTH 7TH STREET
STROUDSBURG PA 18360

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [ ] 3  Federal Question (U.S. Government Not a Party)
- [x] 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [x] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*    Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [x] 320 Assault, Libel & Slander | | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | | | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| | | | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1  Original Proceeding
- [ ] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from Another District *(specify)*
- [ ] 6  Multidistrict Litigation - Transfer
- [ ] 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 1332

Brief description of cause:
Defamation, Emotional distress, Negligent supervision

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
$100,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:**  [x] Yes   [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____    DOCKET NUMBER _____

DATE  11-1-22

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**LAW OFFICE OF SALVATORE P.J. VITO, P.C.**
Salvatore P.J. Vito, Esquire
Attorney I.D. No. 35963
45 North 7th Street
Stroudsburg, PA 18360
vitolaw@hotmail.com
(570) 424-8890
<u>Attorney for Plaintiffs</u>

**UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| NEGIN KHOLUSI and her daughters, <br> MILANIA FEQUIERE and <br> MIAVA FEQUIERE, (minors) <br>     Plaintiffs, <br> v. <br><br> THERMO FISHER SCIENTIFIC, INC., and/or <br> THERMO FISHER SCIENTIFIC, INC. d/b/a <br> FISHER CLINICAL SERVICES and/or; <br> PHARMA SERVICES GROUP, and <br> VICTORIA R. REGAN, <br>     Defendants. | : <br> : <br> : <br> : No. <br> : <br> : Judge:_____ <br> : <br> : <br> : <br> : <br> : <br> : |

COMPLAINT

AND NOW come the Plaintiffs, by and through counsel, Salvatore P.J. Vito, Esq., and file this Complaint against the Defendants above-named as follows:

PARTIES

1. Plaintiff, Negin Kholusi is a competent adult individual residing in the state of Georgia with her minor daughters, Plaintiffs Milania Fequiere and Miava Fequiere.

2. Defendants, Thermo Fisher Scientific, Inc. and/or Thermo Fisher Scientific, Inc. d/b/a Fisher Clinical Services and/or Pharma Services Group, is a Delaware business corporation with a principal place of business in Massachusetts.

3. Defendant, Victoria R. Regan, is a competent adult individual who is an agent and/or employee of Thermo Fisher Scientific, Inc. and/or its affiliates or subsidiaries above-named. Said Defendant holds a supervisory position of Senior Program Manager, Digital Supply Chain Solutions-Pharma Services Group and resides/is employed in Lehigh County, Pennsylvania.

JURISDICTION

4.      Jurisdiction is founded on diversity of citizenship and amount: Plaintiffs are citizens of the State of Georgia and all Defendants exist under the laws of the State of Delaware and have a principal place of business in the Commonwealth of Massachusetts. None of the Defendants exist under the laws of the State of Georgia or maintain a principal place of business in the State of Georgia. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. §1332.

FACTS

5.      Plaintiff, Negin Kholusi, and her children, were first verbally attacked by Defendant Victoria R. Regan on November 4, 2021, via defamatory comments on the internet. Thereafter, a pattern of abuse continued with multiple verbal attacks upon Plaintiff Negin Kholusi and her children concerning their character and reputation in their community.

6.      Plaintiff conducted the aforesaid attacks during the scope of her employment with corporate Defendants, while acting in the capacity of a supervisor and/or upper management, and while utilizing the mobile phone(s) and computer(s) provided to her by her employer.

FIRST CAUSE OF ACTION - DEFAMATION

7.      The foregoing allegations are incorporated herein by reference as fully as if set forth herein at length.

8.      Defendant, Victoria R. Regan, an agent/employee of corporate Defendants, communicated and published statements of a defamatory character which were applicable to Plaintiff Negin Kholusi and her minor children, the recipient understood the defamatory meaning of the communications applicable to Plaintiffs, Plaintiffs were specially harmed by the publication, and Defendant abused a conditional privilege.

9.      Defendant, Victoria R. Regan, an agent/employee of corporate Defendants, knew or should have known that said defamatory statements were false.

10.     Corporate Defendants are vicariously liable for the actions of its agent/employee.

SECOND CAUSE OF ACTION – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

11.     The foregoing allegations are incorporated herein by reference as fully as if set forth herein at length.

12.     Since the wrongful incidents above-described, Plaintiffs have suffered emotional distress.

13.     Plaintiffs have suffered emotional distress as a direct result of Defendants' intentional

conduct.

## THIRD CAUSE OF ACTION - NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

14. The foregoing allegations are incorporated herein by reference as fully as if set forth herein at length.

15. Since the wrongful incidents above-described, Plaintiffs have suffered emotional distress.

16. Plaintiffs have suffered emotional distress as a direct result of Defendants' careless and negligent conduct.

## FOURTH CAUSE OF ACTION – FALSE LIGHT

17. The foregoing allegations are incorporated herein by reference as fully as if set forth herein at length.

18. Plaintiffs, at the times herein and since birth, have been persons of good name and reputation and were deservedly enjoying the esteem and good opinion of diverse persons in their vocational and social pursuits.

19. Defendants, individually and/or by and through their agent/employee, intentionally, falsely and maliciously made unprivileged accusatory statements of and concerning Plaintiffs. The statements of Defendants are wholly false and apply to Plaintiffs.

20. Defendants, by their conduct expressly or by innuendo, published false conclusions regarding Plaintiffs.

21. At the time of publication, Defendants knew or should have known that the implications regarding Plaintiffs were untrue.

22. As a result of Defendants' false light, Plaintiffs have been greatly upset, humiliated and injured in good name and reputation, all of which has been to great loss and damage.

## FIFTH CAUSE OF ACTION – NEGLIGENT SUPERVISION
**Plaintiffs v. Corporate Defendants**

23. The foregoing allegations are incorporated herein by reference as fully as if set forth herein at length.

24. Defendants' carelessness, negligence, recklessness, and/or unlawfulness consisted of, but was not limited to the following:

> a. Defendants hired, employed and promoted the various agents, servants, workmen, and/or employees who had the responsibility or obligation to properly execute their duties, to wit, Victoria R. Regan;

    b. Defendants permitted the various agents, servants, workmen and/or employees who had the responsibility to properly execute their duties to continue to work as such, when said corporate Defendants knew and/or should have known that said agents, servants, workmen and/or employees were unable to and/or incapable of properly performing the requirements of their respective employments, to wit, Victoria R. Regan;

    c. Defendants failed to establish procedures and programs to determine whether employees and/or potential employees were and are fit and capable of performing the requirements of their respective employment, to wit, Victoria R. Regan;

    d. Defendants were otherwise negligent, careless, reckless and/or unlawful under the circumstances in the hiring, employing, training, supervision, and/or promoting the various agents, servants, workmen and/or employees who were responsible and obligated to properly execute their duties, to wit, Victoria R. Regan; and

    e. Defendants failed to adopt, promulgate and enforce policies and procedures to effectuate the observation and supervision of their agents/employees, to wit, Victoria R. Regan.

## DAMAGES

26. As a direct and proximate result of the foregoing, Plaintiffs suffered damages including, but not limited to, damage to character and reputation, embarrassment, humiliation, harassment, emotional distress, and loss of income.

27. Corporate Defendants are directly liable for negligence and vicariously liable for the actions of its agent/employee, Defendant, Victoria R. Regan.

WHEREFORE, Plaintiffs claim compensatory damages from all Defendants in an amount in excess of $100,000.00 plus punitive damages, costs, reasonable attorney fees and such other relief as the court deems just and proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury.

Respectfully submitted,

LAW OFFICE OF SALVATORE P.J. VITO, P.C.

/s/ SALVATORE P.J. VITO, ESQUIRE
Attorney I.D. No. 35963
45 North Seventh Street
Stroudsburg, Pennsylvania  18360
Telephone: (570) 424-8890
vitolaw@hotmail.com
*Counsel for Plaintiffs*